UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC.** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Case No. 3:19-cv-00760 )  |
| **PEG ALTERNATIVE ENERGY, INC.** **JOE E. ORDIA** **RACHEL ORDIA** | ) ) ) ) |
| Defendants. | ) |

## ANSWER

COME NOW the Defendants, PEG Alternative Energy, Inc. ("PEG"), Joe E. Ordia and Rachel Ordia (together "Ordias"), all Defendants collectively referred to hereinafter as "Defendants", by counsel, and state as follows as their Answer to the Complaint filed by Consolidated Electrical Distributors, Inc. ("CED"):

Nature of the Case

1. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 1 of the Complaint, and accordingly deny the same.

_____
David K. Spiro (VSB# 28152)
David G. Browne (VSB# 65306)
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230
Telephone:     (804) 573-9220
Facsimile:       (804) 836-1855
E-mail:            dbrowne@sblawva.com
*Counsel for Defendants*

2. Defendants admit that PEG was in the business of selling and installing solar electric systems, but otherwise deny the allegations in ¶ 2 of the Complaint.

3. Defendants admit that the Ordias are officers of PEG, but otherwise deny the allegations in ¶ 3 of the Complaint.

4. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 4 of the Complaint, and accordingly deny the same.

## Jurisdiction

5. Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 5 of the Complaint, and accordingly deny the same.

6. Defendants admit the allegations in ¶ 6 of the Complaint.

7. ¶ 7 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 7 of the Complaint, and accordingly deny the same.

## Venue

8. ¶ 8 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants do not object to venue in this District and Division.

Background and Cause of Action

9. Defendants admit that PEG entered into a business relationship with CED, but otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 9 of the Complaint, and accordingly deny the same.

10. Defendants admit that PEG entered into a business relationship with CED, but otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 10 of the Complaint, and accordingly deny the same.

11. Defendants admit that PEG entered into a business relationship with CED, but otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 11 of the Complaint, and accordingly deny the same.

12. Defendants admit that PEG entered into a business relationship with CED, but otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 12 of the Complaint, and accordingly deny the same.

13. Defendants admit that PEG ordered or requested goods and materials from CED at certain times, but are otherwise without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 13 of the Complaint, and accordingly deny the same.

14. Defendants admit that CED sent invoices for certain materials to PEG, but otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 14 of the Complaint, and accordingly deny the same.

15. Defendants deny the allegations of ¶ 15 of the Complaint as alleged, insofar as partial payments have been made by PEG as reflected on the invoice attached to the Complaint; Defendants are otherwise without knowledge or information sufficient to form a belief about the truth of the remaining allegations in ¶ 15 of the Complaint with regard to what amounts, if any, are owed to CED, and accordingly deny the same.

16. ¶ 16 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in ¶ 16 of the Complaint, and accordingly deny the same.

17. Defendants deny that the CED is entitled to the relief sought, or in the amounts sought, in the unnumbered prayer for relief paragraph of its Complaint.

## **Affirmative Defenses**

Defendants, each and jointly, reserve the right to assert any and all applicable defenses to the Complaint. Defendants reserve the right to amend or otherwise supplement this pleading, including the defenses set forth herein, as may be appropriate. Without limiting the generality of the foregoing, without assuming the burden of proof where such burden properly rests with the Plaintiff, without regard to whether the defenses set forth below are affirmative defenses and without conceding that any such defense must be set forth in this Answer, Defendants states the following affirmative defenses:

1. The personal guaranty of the Ordias is unenforceable as lacking consideration.

2. Defendants will rely on any and all defenses which may become known to them through discovery, trial or otherwise. Defendants have not knowingly or intentionally

4

waived any applicable affirmative defenses. Defendants presently lack sufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses, and reserve the right to assert such additional defenses.

**WHEREFORE**, Defendants PEG Alternative Energy, Inc. Joe E. Ordia, and Rachel Ordia, respectfully request that this Court enter judgment in their favor, or enter judgment only in such amount as the evidence may support, and grant such other relief as it deems just.

Respectfully submitted,

_____/s/ *David G. Browne*_____
David K. Spiro (VSB# 28152)
David G. Browne (VSB# 65306)
Spiro & Browne, PLC
6802 Paragon Place, Suite 410
Richmond, VA 23230
Telephone:　(804) 573-9220
Facsimile:　(804) 836-1855
E-mail:　　dbrowne@sblawva.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2019, a true and accurate copy of the foregoing Answer was filed via the ECF system and served thereby on all parties receiving notice via the ECF system.

_____/s/ *David G. Browne*_____